IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| KRZYSZTOF SONTAG | : | CASE NO. 1:23-bk-00465-HWV |
| aka DRYSZTOF C. SONTAG | : | |
| aka KRYSZTOF C. SONTAG SR | : | CHAPTER 13 |
| PATRICIA ANN SONTAG | : | |
| aka PATRICIA A. SONTAG | : | |
| Debtors | : | |
| | : | |
| BELCO COMMUNITY CREDIT UNION | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| KRZYSZTOF SONTAG | : | |
| aka DRYSZTOF C. SONTAG | : | |
| aka KRYSZTOF C. SONTAG SR | : | |
| PATRICIA ANN SONTAG | : | |
| aka PATRICIA A. SONTAG | : | |
| Respondents | : | |

### DEBTORS' RESPONSE TO MOTION OF BELCO COMMUNITY CREDIT UNION FOR RELIEF FROM THE AUTOMATIC STAY RE: 2018 HONDA PILOT

AND NOW, come Debtors, Krzysztof Sontag and Patricia Ann Sontag, by and through htheir attorney, Gary J. Imblum, and respectfully respond as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted in part and denied in part. The Vehicle Sales Contract and Truth-in-Lending Disclosure speak for themselves. Strict proof is demanded.

9. Admitted.

10. Admitted in part and denied in part. The allegations of paragraph 10 are conclusions of law to which no response is required. Strict proof is demanded.

11. Admitted.

12. Admitted.

13. Admitted in part and denied in part. The Contract speaks for itself. Strict proof is demanded.

14. Admitted in part and denied in part. Same is irrelevant. Payments on the vehicle are being paid through the Plan.

15. Admitted in part and denied in part. The First Amended Plan was confirmed on January 10, 2024. The Trustee did not make its first disbursement until February 14, 2024. No payments were disbursed to Belco since the Plan only provided for pre-confirmation adequate protection payments to Belco and not for post-petition adequate protection payments.

16. Admitted.

17. Admitted.

18. Admitted. Debtors will attempt to resolve the arrearage with the Trustee in the near future.

19. Admitted in part and denied in part. Debtors will resolve the arrearage with the Trustee in the near future. Same will result in providing adequate protection to Movant.

20. Admitted.

21. Denied. There is no reason why Rule 4001(a)(3) should not apply.

**WHEREFORE**, Debtors respectfully request that this Honorable Court issue an Order denying the Motion for Relief From Stay.

Respectfully submitted,

/s/ Gary J. Imblum
Gary J. Imblum
Attorney I.D. No. 42606
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
Attorney for Debtors

DATED: 5/20/24

# CERTIFICATION OF SERVICE

I, Carol V. Shay, Paralegal, do hereby certify that I have served a copy of the foregoing DEBTORS' RESPONSE TO MOTION OF BELCO COMMUNITY CREDIT UNION FOR RELIEF FROM THE AUTOMATIC STAY upon the following persons by E-Service or by United States Mail, first class, postage prepaid, at Harrisburg, Dauphin County, Pennsylvania, addressed to:

JACK N. ZAHAROPOULOS, ESQUIRE
CHAPTER 13 TRUSTEE
VIA E-SERVICE

DAVID W. PARK, ESQUIRE
MARTSON LAW OFFICES
COUNSEL FOR MOVANT
VIA E-SERVICE

IMBLUM LAW OFFICE, P.C.

*Carol V. Shay*
Carol V. Shay, Paralegal
4615 Derry Street
Harrisburg, PA 17111
(717) 238-5250
Fax No. (717) 558-8990
gary.imblum@imblumlaw.com
For Debtors

DATED: 5/20/2024