UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: KRZYSZTOF SONTAG
and
PATRICIA SONTAG

Debtors

Case No.1:23-00465-HWV
Chapter 13

_____

COLLEGE SQUARE DEVELOPMENT, LLC

    Movant

  v.

KRZYZTOF SONTAG

    Respondent

**TRUSTEE'S OBJECTION TO CONSENT ORDER RESOLVING MOTION OF COLLEGE SQUARE DEVELOPMENT, LLC FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. §362 TO TERMINATE LEASE OF CERTAIN NONRESIDENTIAL REAL PROPERTY AND OBTAIN POSSESSION OF PREMISES**

AND NOW, this 7th day of May 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, through his attorney Douglas R. Roeder, Esquire, and objects to the proposed Consent Order between College Square Development, LLC (the "Landlord") and Krzysztof Sontag (the "Debtor"), and in support thereof, states as follows:

1. On April 8, 2025, the Landlord filed a Motion for Relief from the Automatic Stay concerning a non-residential property lease for the premises located at 444 WMC Drive, Westminster, Maryland.

2. The Debtor and the Landlord have since submitted a proposed Consent Order to this Court, which outlines a payment plan and forbearance agreement between the parties. *See* Docket #113. The Trustee has not concurred with the Consent Order.

3. The proposed Consent Order stipulates that the Debtor must pay $24,000 to the Landlord by April 28, 2025, and the remaining balance of $20,146.49 by May 15, 2025.

4. Debtor's counsel has informed the Trustee that Debtor intends to make these payments using funds from a loan from the Debtor's son and funds from the Debtor's savings. Specifically, the $24,000 lump sum payment has already been paid by the Debtor directly to the Landlord, and those funds came from a loan from the Debtor's son. As for the $20,146.49 that is due May 15, 2025, those funds are to come from the Debtor's savings and/or from a further loan from the Debtor's son.

5. The Trustee objects to the direct payment of these funds to the Landlord as outlined in the proposed Consent Order. Furthermore, the Trustee submits that, based on the Debtor's current Schedules I and J, the Debtor is not able to save over $20,000.00 in such a short period of time as all their disposable income should be devoted to their Chapter 13 Plan.

6. The Trustee contends that the funds from the loan from the Debtor's son and the funds from the Debtor's savings should be paid to the Trustee to be distributed to the Landlord.

7. The Trustee, as the representative of the bankruptcy estate, has a duty to appear and be heard on matters affecting the administration of the case, including the proposed modification of the Debtor's obligation. *See* § 1302.

8. The direct payment to the Landlord as proposed in the Consent Order circumvents the Trustee's role in administering the bankruptcy estate and may prejudice other creditors in the Chapter 13 case.

9. The Trustee submits that routing these payments through the Chapter 13 Plan will ensure proper administration of the bankruptcy estate, maintain transparency, and protect the interests of all creditors.

WHEREFORE, your Trustee respectfully requests that this Honorable Court:

a) Sustain the Trustee's Objection to the proposed Consent Order;

b) Order that any funds from the loan from the Debtor's son and the Debtor's savings intended for payment to the Landlord be paid to the Trustee for distribution through the Chapter 13 Plan;

c) Direct the parties to submit an amended Consent Order reflecting the payment of funds through the Trustee; and

d) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder, Esquire
Attorney for Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: KRZYSZTOF SONTAG
and
PATRICIA SONTAG

Debtors

Case No.1:23-00465-HWV
Chapter 13

COLLEGE SQUARE DEVELOPMENT, LLC

Movant

v.

KRZYZTOF SONTAG

Respondent

## CERTIFICATE OF SERVICE

I certify that I am more than 18 years of age and that on May 7, 2025, I served a copy of this Motion to Dismiss, Notice, and Proposed Order on the following parties from Hummelstown, PA, unless served electronically:

***SERVED ELECTRONICALLY:***
United States Trustee
1501 North 6th Street
P.O. Box 302
Harrisburg, PA 17102

Gary J. Imblum, Esquire
Imblum Law Offices, P.C.
4615 Derry Street
Harrisburg, PA 17111

Kate Deringer Sallie, Esquire
Pillar Aught, LLC
4201 East Park Circle
Harrisburg, PA 17111

/s/ Derek M. Strouphauer, Paralegal
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee